# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 17-2483 DSF (AJWx) | Date | 5/24/17 |
| Title | Raymond Figueroa v. United Parcel Service Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Dkt. No. 12)[1]

Plaintiff Raymond Figueroa has moved to remand this case. The case was removed on the basis of diversity. There is no dispute that one of the defendants, Diego Garcia, is not diverse from Plaintiff. However, Defendants claim that Garcia is fraudulently joined.

A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

The complaint alleges a claim against Garcia for harassment on the basis of disability, Cal. Gov't Code § 12940(j)(1). In their opposition to the motion to remand, Defendants focus on certain allegations about personnel actions and argue that personnel actions cannot be the basis of a harassment claim under California law. However, Defendants concede that the allegations that Garcia stated that Plaintiff was "faking" or "milking" his disability could, theoretically, be actionable except that the complaint is not

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 5, 2017 is removed from the Court's calendar.

**MEMORANDUM**

JS 6

clear that such statements were sufficiently severe or pervasive.[2]  While the complaint might not ultimately state a claim against Garcia, such failure is not obvious according to the settled law of California.  The success or failure of the claim depends on the specific details surrounding the alleged "faking" and "milking" statements.  Further, it is clear under California law that discriminatory personnel actions can be further evidence in support of a harassment claim, even if they might not necessarily be able to support a harassment claim in isolation.  Roby, 47 Cal. 4th at 705-11.  Given that, the allegations regarding discriminatory employment acts provide further support for an inference that Garcia harassed Plaintiff.

The motion for remand is GRANTED.  The case is remanded to the Superior Court of California, County of Los Angeles.  Plaintiff's request for fees and costs is DENIED because Defendants had an objectively reasonable basis for removal.

IT IS SO ORDERED.

---

[2] It is also not so clear to the Court that criticisms of Plaintiff's work ethic are necessarily "official personnel actions" that could not constitute harassment.  Some critique of an employee's work ethic is required of a manager, but if the critique was informal and, in substance, that the employee was lazy because he was hindered by his disability, it is not clear that this would not qualify as harassment based on disability.  See Roby v. McKesson Corp., 47 Cal. 4th 686, 708 (2009) ("Miller [v. Dept. of Corrections, 36 Cal. 4th 446 (2005)], however, makes clear that in some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim.").